UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20279-CR-Martinez/Garber

UNITED STATES OF AMERICA,

v.

ANNA KILIMATOVA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from United States District Judge Jose M. Martinez for a Report and Recommendation "as to the appropriateness of Defense Counsel's CJA Voucher."

## FACTUAL BACKGROUND AND DISCUSSION

The defendant Kilimatova was charged by Indictment in Counts 1, 40, 41, 42-43, and 50-51. Count 1 charged her with conspiracy to commit wire fraud in violation of Title 18 U.S.C. 1349; Count 40 charged wire fraud in violation of Title 18 U.S.C. 371; Count 41 charged conspiracy to commit fraud regarding immigration documents in violation of 18 U.S.C. 371; and Counts 42-43 and 50-51 charged fraud regarding immigration documents in violation of 18 U.S.C. 1546.

Allen S. Kaufman, Esquire, was appointed on April 6, 2011, pursuant to the Criminal Justice Act, to represent the defendant in this cause. His representation was concluded on or about January 12, 2012. Mr. Kaufman is seeking an award of $29,353.25 for attorney's fees and costs, such amount being in excess of the statutory maximum allowance of $9,800.00 for representation in a non-capital case.

The Criminal Justice Act supports the concept that counsel should be compensated reasonably and, if necessary, in excess of the cap, where counsel's work involved complex issues and the representation was lengthy. This cause was indeed both complex and extended. *United States v. Bailey*, 581 F.2d 984 (D.C. Cir. 1978); *United States v. Johnson,* 549 F. Supp. 78 (D.D.C. 1982).

The Indictment charged the defendant and fourteen others, the defendant Kilimatova charged as set forth above. The defendant maintained her claim of innocence, thus requiring Mr. Kaufman to prepare for trial. Extensive discovery was produced requiring a substantial amount of time in its examination and evaluation. As part of his trial preparation, Mr. Kaufman conferred on numerous occasions with the defendant and attorneys for co-defendants. He also spent a great deal of time preparing for cross-examination of the government's trial witnesses by reviewing prior statements and possible impeachment matters. He also engaged in plea negotiations with the government on several instances, ultimately resulting in a very favorable disposition for the defendant. She was ultimately offered a plea of guilty to Count 1 of the Indictment which she accepted. She was sentenced to time served and placed on supervised release. As a result of such plea, the government benefitted by saving a great deal of time and substantial expenses in not having to try the case.

## Criminal Justice Act and Its Administration

Guidelines for Administering the Criminal Justice Act (CJA) were developed by the United States Judicial Conference to aid the courts in the application of the CJA. The Guidelines provide *inter alia* that judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation as provided." *Section §630.20 of the Guidelines*. The CJA, at 18 U.S.C. §3006A(d)(1) provides that

at the conclusion of counsel's representation, he shall be compensated for time expended in Court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court has the power to assess reasonable expenses and reasonable use of billable time. In order for an award of fees and costs to exceed the maximum permitted by statute, the court must certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). The court must also find that the amount sought is necessary to provide counsel with fair compensation.

The Court has carefully reviewed and considered Mr. Kaufman's submissions. It is clear that this cause is "extended" because of the amount of discovery, time required in its examination, time for trial preparation, consultations with the defendant, family members, experts, and witnesses, time consumed in travel for interviews, meetings, and court appearances, as compared to the average case.

The Court also finds that the case is "complex" because of the numerous defendants, the substantial number of counts charged against the defendant, the enormous amount of discovery which consisted of over 500 hours of video and audio recordings and in excess of 12,000 documents, and approximately 300 reports from the FBI, all of which required consultation with the defendant. In addition, because of the defendant's inability to understand English, the use of a Russian interpreter was required, thus adding to the time expended by Mr. Kaufman in preparation for trial. The nature and number of the charges required counsel to expend more time, skill, and effort than is normally required in an average case. Such factors go into the classification of this case as complex as well as extended. Mr. Kaufman prepared for trial during the period of April through August of 2011.

Based upon an examination of the record and consideration of those matters set forth above, I find that this cause required the expenditure of more time, skill, and effort by counsel than is required in the average case. Accordingly, the Court finds that the representation provided by Mr. Kaufman was complex and extended.

Although the case was resolved by a plea of guilty, Mr. Kaufman had to fully prepare for a trial. He is an excellent attorney with years of experience as defense counsel and did an outstanding job in such preparation.

Mr. Kaufman's voucher for compensation was reviewed by the Court's CJA Administrator. The Court has also carefully examined and considered the voucher, which the Court finds to be a reasonable presentation in support of the claim for fees and costs. Although I was first concerned with the claim of 89.6 hours for obtaining and reviewing documents (discovery), I find that it was a reasonable expenditure of time given the enormity of the discovery and documents. His claim for 5 hours of court time is reasonable, as is his claim for 222 hours for out of court time. The times claimed were for legal efforts that were necessary and reasonable.

I find that Mr. Kaufman's voucher is entirely appropriate given my finding that the case is indeed complex and extended. My examination reveals no claims for excessive expenditures of time and that all times claimed were reasonable and necessary. I further find that the claims for travel expenses are appropriate, reasonable, and necessary.

Based upon the foregoing, the Court further finds that the amount sought by Mr. Kaufman is necessary to provide him with fair compensation for fees and expenses.

## CONCLUSION AND RECOMMENDATION

Upon due consideration, the undersigned respectfully recommends that Allen S. Kaufman, Esquire, CJA counsel, be awarded the sum of $29,353.25 as and for reasonable attorney's fees, costs and expenses, said amount being for necessary and legal tasks performed for the defendant.[1]

The parties have fourteen (14) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge Jose M. Martinez. See 28 U.S.C. §636 (1991). Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.1988), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 2nd day of December 2014.

*Barry L. Garber*
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

---

[1] The record reflects that counsel for four other defendants, also CJA attorneys, were awarded fees and costs in the amounts of $38,554.61, $34,650.00, $28,697.50, and $27,637.50.